Filed 5/24/22  P. v. Martin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CHRISTOPHER T. MARTIN, <br><br> Defendant and Appellant. | F083333 <br><br> (Kings Super. Ct. No. 21CS0046) <br><br> **OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Christopher Martin was found in violation of his Post Release Community Supervision (PRCS), ordered to serve local time, and reinstated on PRCS.  On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**Conviction and Sentence**

On August 24, 2018, appellant was convicted of violating Penal Code section 273.5, subdivision (a), willful infliction of corporal injury to a spouse or cohabitant, in the Superior Court of Kings County case No. 21CS0046; he was sentenced to three years in prison.

On March 15, 2021, appellant was released from state prison and placed on PRCS. The terms and conditions of his PRCS status included to "comply with all the instruction of your supervising county agency representative," and to not have any contact with the victim.

**Petition to Revoke PRCS**

On July 22, 2021, the probation department filed a petition seeking to revoke appellant's status on PRCS in case No. 21CS0046.  The petition alleged that on July 21, 2021, appellant was contacted at a Corcoran apartment, the victim was seen exiting the same apartment, and appellant failed to enroll and complete a batterer's program as instructed by the probation department.

**Hearing on the PRCS Violation**

On August 18, 2021, the court held a contested evidentiary hearing on the two petitions alleging PRCS violations in case No. 21CS0046 and companion case No. 21CS0047.

2.

At the hearing, Officer Graciela Herrera of the probation department's PRCS supervision unit testified that she was assigned to supervise appellant in the two cases. Herrera met with appellant and reviewed his conditions of supervision, which included his compliance with the instructions of the supervising county agency representative, and that he could not have any contact with the victim.

Officer Herrera met with appellant several times during his supervision. On two separate occasions, Herrera directed appellant to enroll in a batterer's treatment program. Herrera told appellant she would be willing to modify the no-contact order to a "peaceful contact" order, if he would enroll and participate in the class. Appellant said that he would not take the class. Herrera asked for a reason, and appellant "[s]traight up" said he was not going to take the class and did not give a reason. Appellant was "very defiant."

Appellant was placed on a global positioning system (GPS) ankle monitor during his supervision. Officer Herrera monitored appellant's location through GPS and pinpointed his location at a certain Corcoran apartment. Through the apartment manager, Herrera determined who resided at the apartment. On July 22, 2021, a probation search was conducted at that apartment.

Also, at the hearing, appellant testified and confirmed that Officer Herrera asked him to participate in a batterer's program. Appellant

Appellant testified that Officer Herrera said the batterer's program was for his spousal abuse conviction in 2018, but the domestic violence charge was dropped. Appellant said he refused to do any program since he served time in prison for a domestic violence charge rather than being placed on informal probation.

**The Court's Ruling**

At the conclusion of the hearing, the court found appellant to be in violation of his PRCS status in both cases.

On September 17, 2021, the court held the sentencing hearing. Appellant stated that he would take the required classes. The court sentenced appellant to 120 days in

county jail in each case, served concurrently and with credit for 117 days already served, and reinstated his status on PRCS with directions to comply with the officer's instructions.

On the same day, appellant filed a timely notice of appeal.

## **DISCUSSION**

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on November 24, 2021, we invited appellant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.